**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Melvin J. ABELN, Defendant-Appellant.**

**Nos. 16133, 16134.**

United States Court of Appeals Sixth Circuit.

Nov. 12, 1965.

William H. Bixler, Covington, Ky., Bixler & Brooking, Covington, Ky., on brief, for appellant.

Moss Noble, Asst. U. S. Atty., Lexington, Ky., George I. Cline, U. S. Atty., Lexington, Ky., on brief, for appellee.

Before MILLER * and O'SULLIVAN, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

Melvin J. Abeln, defendant-appellant herein, appeals from a judgment of conviction in the United States District Court for the Eastern District of Kentucky on a one-count indictment [1] charging him with embezzling certain mail matter, which came into his possession as a clerk in the United States Post Office at Covington, Kentucky, in violation of Section 1709, Title 18, U.S.C. The case was tried to a jury and Abeln, hereinafter called defendant, was sentenced to imprisonment for a year and a day.

At the time of the event herein described the defendant had been a regular employee of the Covington Post Office for approximately sixteen years. Prior to the defendant's indictment there had been losses of mail matter in this Post Office and suspicion fell upon the defendant. Postal Inspectors M. D. Noel and William P. Olson were sent to the Covington Post Office to investigate.

The inspectors, in the course of their surveillance of the defendant, had two test letters placed in the mails. On

---

* Judge Miller did not participate in this decision.

1. "That on or about the 19th day of August, 1963, at Covington, Kenton County, in the Eastern District of Kentucky, Melvin J. Abeln being an employee of the United States Postal Service, to-wit, a Regular Clerk in the United States Post Office at Covington, Kentucky, did embezzle certain mail matter which came into his possession as such employee and intended to be conveyed by mail, to-wit, to test letter addressed to Disabled American Veterans, National Headquarters, Cincinnati 13, Ohio, bearing the return address of Lannie C. Clark, 8281 U.S. 25, Florence, Kentucky; a test letter addressed to Disabled American Veterans, National Headquarters, Cincinnati 13, Ohio, bearing the return address of Thos. J. Henry, 30 Ann Street, Florence, Kentucky, and thirteen ordinary letters."

August 19, 1963, the inspectors from their position on the "cat walk", a place where the work room of a post office can be observed, witnessed the defendant take into his possession the two test letters and thirteen other letters. When the defendant had finished his tour of duty at about 2 p. m. on this day, one of the inspectors followed him to the street and asked him to return to the building and talk to him (the inspector). The inspectors, with the defendant, went into a room in the post office building and closed the door behind them. There was no one else in the room.

The inspectors and the defendant remained in this room for approximately two or two and one-half hours. During this time the defendant was asked to show the inspectors what he had in his pockets. He complied with this request and it was revealed that the test letters were in one of the pockets of his trousers. The defendant signed a letter of resignation which was prepared for him by the inspectors. He also signed a statement in which he admitted that he had taken the two test letters and the other thirteen letters and that he had been taking letters from the mails for about two months.

Counsel for the defendant moved to suppress the evidence. This motion was denied after an extensive hearing. This is the subject of a separate appeal, but for the purpose of this opinion it is consolidated with the appeal from the judgment of conviction.

The defense claims that there was no lawful arrest and that therefore there could be no lawful search. The government concedes that the defendant had not been arrested and that the letters were not found as a result of a search following a lawful arrest. It claims, however, that the defendant was not forced to return to the post office building or to empty his pockets, and that the disclosure of the stolen mail was voluntary on the part of the defendant. While the defense concedes that there is no evidence of threats on the part of the inspectors or any evidence that they forced the defendant to disclose what was in his pockets, it contends that the action of the inspectors constituted an implied threat and that as a practical matter the disclosure of the stolen mail by the defendant was a forcible one.

■ The district judge rejected these contentions. We are of the opinion that this was a matter for the decision of the district judge and that his ruling was correct and not contrary to the evidence. Having arrived at this conclusion on the matter of arrest and search warrant, the motion to suppress evidence was properly denied.

■ Other assignments of error relate to the sufficiency of evidence. There was ample evidence to support the finding that the statement made by the defendant, in which he admitted taking the letters in question, was voluntary, the finding that the integrity of the evidence was established and the finding that the defendant was guilty. There is no merit to the claim that the court erred in requiring the defendant to proceed to trial forthwith. The defendant was arraigned on September 24, 1963. The motion to suppress evidence was heard on the same day. Counsel for defendant was given thirty days to file a brief. Briefs were filed on behalf of the parties and the motion was decided on March 9, 1964. The case was then called for trial and counsel for defendant responded: "Ready, Your Honor."

The question posed by counsel in the defendant's brief, "Does a postal employee waive, relinquish and forever release his constitutional guarantees by reason solely of his employment?" is not pertinent in this case since there was evidence to support the finding that the acts of the defendant were voluntary.

The judgment of the District Court is affirmed.